IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JOHN COLE COOPER,<br><br>            Plaintiff,<br>v.<br><br>TODD ANDERSON,<br><br>            Defendant. | REPORT AND RECOMMENDATION<br><br>Case No. 2:14-cv-818 DN<br><br>District Judge David Nuffer<br><br>Magistrate Judge Brooke Wells |

On November 14, 2014, pro se Plaintiff John Cooper brought this action against Todd Anderson seeking a temporary injunction for stalking (Temporary Restraining Order) and alleged allegations of fraud on the court and professional misconduct.[1]  Shortly thereafter the court entered an Order to Show Cause directing Plaintiff to show cause why this action should not be dismissed for a lack of jurisdiction because the court "must, sua sponte, satisfy itself of its power to adjudicate in every case and at every stage of the proceedings."[2]  Specifically Plaintiff was directed to address the *Rooker Feldman* doctrine which prevents individuals from simply appealing state court judgments to federal district court.[3]  In response, Plaintiff argued that the *Rooker Feldman* doctrine has a narrow scope and applies only when a state court judgment is final.[4]  In the instant case, Plaintiff asserts the state court proceedings were ongoing when this matter was filed so *Rooker Feldman* does not apply.[5]  In addition, Plaintiff addressed the

---

[1] Docket no. 3.  This matter is referred to the undersigned pursuant to 28 U.S.C. 636(b)(1)(B).  *See* docket no. 7.

[2] *State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1270-71.

[3] *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

[4] *See Exxon Mobil Corp. v. Saudi Basic Indus. crop.*, 544 U.S. 280, 284 (2005); *Guttman v. Khalsa,* 446 F.3d 1027, 1032 (10th Cir. 2006) ("the Rooker–Feldman doctrine only applies to cases brought 'after the state proceedings have ended'") (citations omitted).

*Younger* abstention doctrine,[6] which is based on Congress' strong "desire to permit state courts to try state cases free from interference by federal courts"[7] and is applicable to ongoing state criminal, civil or administrative proceedings.[8]

After careful consideration of these issues, Plaintiff's Complaint and the Motion for Temporary Restraining Order,[9] the undersigned concludes that the *Younger* doctrine applies to this case and bars the claims asserted in Mr. Cooper's Complaint and Motion.  Accordingly, the undersigned RECOMMENDS that this case be dismissed in its entirety and the Motion for Temporary Restraining Order be DENIED.

## DISCUSSION

Federal courts should abstain from exercising jurisdiction under *Younger* when three conditions are satisfied:  (1) there are "ongoing state criminal, civil, or administrative proceedings"; (2) the state court "offer[s] an adequate forum to hear the federal plaintiff's claims from the federal lawsuit"; and (3) the state proceeding concerns "important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies."[10]  Abstention under *Younger* is mandatory once these requirements

---

[5] Response to order to show cause, p. 3, docket no. 9.

[6] *Id.* at p. 5.

[7] *Younger v. Harris*, 401 U.S. 37, 43 (1971).

[8] *See id.*

[9] Docket no. 4.

[10] *Taylor v. Jaquez*, 126 F.3d 1294, 1297 (10th Cir.1997); *accord Chapman v. Oklahoma*, 472 F.3d 747, 749 (10th Cir.2006).

have been met.[11]  When a Court dismisses a case pursuant to Younger it does so without prejudice.[12]

In addition, the Supreme Court has expressly held that "[c]ircumstances fitting within the *Younger* doctrine ... include ... 'civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions.'"[13]  The Court has likewise made clear that state attorney-discipline proceedings are within *Younger* 's scope.[14]  And the Tenth Circuit has heeded this instruction.[15]

With these principles in mind the undersigned finds there is no basis for this court's jurisdiction.  First, Mr. Cooper alleges that the state court proceedings are ongoing.  Second, any arguments made by Mr. Cooper that the Utah courts are inadequate for his claims are unpersuasive.  The Tenth Circuit has noted that one cannot "dispute that the Utah state judiciary provides an adequate forum for [a plaintiff] to assert his constitutional claims."[16]  Third, the state proceeding at issue involve important state interests including the custody of minor children.[17]  And finally, Plaintiff's claims of professional misconduct are squarely within the purview of the

---

[11] *See Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir.1999) ("Younger abstention dictates that federal courts not interfere." (quoting *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir.1999)) (internal quotation marks omitted); *accord Walck v. Edmondson*, 472 F.3d 1227, 1233 (10th Cir.2007).

[12] *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006) ("A longstanding line of cases from this circuit holds that where the district court dismisses an action for lack of jurisdiction, as it did here, the dismissal must be without prejudice.").

[13] *Sprint Communications Inc. v. Jacobs*, 134 S.Ct. 584, 588, (2013) (quoting *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 367–68, (1989))

[14] *See Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 433–34, (1982) (finding it "clear beyond doubt" that a state supreme court's attorney-discipline processes and procedures are "judicial in nature" (internal quotation marks omitted)).

[15] *See, e.g., Razatos v. Colo. Supreme Court*, 746 F.2d 1429, 1435 (10th Cir.1984) ("[T]he challenged [attorney] disciplinary proceedings are definitely judicial...."); *see also Vakas v. Rodriquez*, 728 F.2d 1293, 1297 (10th Cir.1984) ("The principles of comity and federalism dictate that federal courts abstain from premature entry into state judicial construction of ... disciplinary procedures.").

[16] *Weitzel v. Div. of Occupational & Prof'l Licensing*, 240 F.3d 871, 876 (10th Cir. 2001).

[17] *See* Complaint p. 3-4.

state court proceedings.[18]  Accordingly, the court rejects Plaintiffs attempts to maintain this court's jurisdiction by asserting this case is an "ancillary claim."

## RECOMMENDATION

Because the present case satisfies all three prongs, *Younger* abstention applies and compels the Court to dismiss the case without prejudice.  It is therefore RECOMMENDED that this case be dismissed and the Motion for Temporary Restraining Order be DENIED.

Copies of the foregoing report and recommendation shall be mailed to all parties who are hereby notified of their right to object.  Any objection must be filed within fourteen (14) days after being served with a copy.[19]  Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 11 February 2015.

*[signature: Brooke C. Wells]*

Brooke C. Wells
United States Magistrate Judge

---

[18] *See e.g., Vakas*, 728 F.2d at 1297.

[19] *See* Fed. R. Civ. P. 72(b)(2).