IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JOHN COLE COOPER,<br><br>                   Plaintiff,<br>v.<br><br>TODD ANDERSON,<br><br>                   Defendant. | **ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>Case No. 2:14-CV-818-DN<br><br>District Judge David Nuffer<br><br>Magistrate Judge Brooke Wells |

The Report and Recommendation[1] issued by United States Magistrate Judge Brooke Wells found that the abstention doctrine articulated by the Supreme Court in Y*ounger v. Harris*,[2] applies to this case and bars the claims asserted by Mr. Cooper's Complaint[3] and Motion[4] for Temporary Restraining Order.  Judge Wells recommended that this case be dismissed and the Motion for Temporary Restraining Order be DENIED.[5]  The parties were notified of their right to file objections to the Report and Recommendation within 14 days of service pursuant to Fed. R. Civ. P. 72.  Mr. Cooper filed his objection[6] to the Report and Recommendation on February 24, 2015.  Mr. Cooper, on February 27, 2015, filed an Amended Objection[7] to Report and

---

[1] Report and Recommendation, docket no. 14, filed February 11, 2015.

[2] 401 U.S. 37 (1971).

[3] Affidavit/Verified Complaint of J. Cole Cooper In Support of Petitioner's Ex-Parte Motion and Memorandum for: Rule 65(b)9 Temporary Injunction for Stalking; fraud on court; and Professional Misconduct, docket no. 3, filed November 14, 2014.

[4] Petitioner's Ex-Parte Motion and Memorandum for Ex-Parte temporary Injunction for Stalking; Fraud on Court; and Professional Misconduct, docket no. 4, filed November 14, 2014.

[5] Report and Recommendation at 4.

[6] Objection to Report and Recommendation, docket no. 15, filed February 24, 2015.

[7] Amended Objection to Report and Recommendation, docket no. 16, filed February 27, 2015.

Recommendation.  The objections are substantially similar and the relief requested in each objection is identical.

Federal courts, pursuant to the *Younger* abstention doctrine "should not 'interfere with state court proceedings by granting equitable relief—such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings—' when a state forum provides an adequate avenue for relief."[8] *Younger* is grounded in notions of comity—the idea that a state court should not, in certain circumstances, be interfered with.[9] *Younger* holds that a federal court should abstain when (1) there is an ongoing state judicial proceeding; (2) "the state court must offer an adequate forum to hear the federal plaintiff's claims from the federal lawsuit"; and (3) "the state proceeding must involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies."[10]  Once the three conditions are met, "*Younger* abstention is non-discretionary[.]"[11]

Judge Wells found that all three conditions have been met in the present case:

> First, Mr. Cooper alleges that the state court proceedings are ongoing. Second, any arguments made by Mr. Cooper that the Utah courts are inadequate for his claims are unpersuasive. The Tenth Circuit has noted that one cannot "dispute that the Utah state judiciary provides an adequate forum for [a plaintiff] to assert his constitutional claims."[12] Third, the state proceeding at issue involve important state interests including the custody of minor children.[13] And finally, Plaintiff's claims of professional misconduct are squarely within the purview of the state

---

[8] *Weitzel v. Div. of Occupational & Prof'l Licensing,* 240 F.3d 871, 875 (10th Cir. 2001) (quoting *Rienhardt v. Kelly,* 164 F.3d 1296, 1302 (10th Cir. 1999)).

[9] *Younger*, 401 U.S. at 44.

[10] *Taylor v. Jaquez*, 126 F.3d 1294, 1297 (10th Cir. 1997).

[11] *Amanatullah v. Colorado Bd. of Med. Examiners*, 187 F.3d 1160, 1163 (10th Cir. 1999).

[12] *Weitzel*, 240 F.3d at 876.

[13] *See* Complaint at 3–4.

court proceedings.[14] Accordingly, the court rejects Plaintiffs attempts to maintain this court's jurisdiction by asserting this case as an "ancillary claim."[15]

Neither of Plaintiff's objections address the reasons for Judge Wells's recommendation to dismiss the case. That is, Plaintiff has failed to address and dispute Judge Wells's finding that the three conditions have been met which make *Younger* abstention under is mandatory.

Instead, Plaintiff contends in a conclusory fashion that "[t]he issues presented before this Court antedate the latter case, and therefore the Younger abstention does not apply."[16] Plaintiff proceeds to incoherently argue, among other things, that "[t]his Court has supplemental jurisdiction over Plaintiff's state claims pursuant to 28 U.S.C. § 1367. As such, supplemental jurisdiction empowers federal jurisdiction over Plaintiff's Ancillary Claim."[17] "Substantial Justice requires federal court jurisdiction in this case to prevent and protect Plaintiff from suffering further irreparable harm at the hands of Defendant Todd F. Anderson *et al.*"[18] "Plaintiff has filed substantial evidence in support of his Complaint answering the requirements of the Federal Rules of Evidence for establishing a proper foundation for his claims."[19] "Plaintiff has named Defendant Todd Anderson *et al.* And, although Plaintiff's original complaint is not perfect, Plaintiff's Constitutional and Federal claims provide substantial federal grounds to afford Plaintiff an opportunity to test his claims on the merits."[20] "Plaintiff cited 42 U.SC

---

[14] *See e.g., Vakas v. Rodriquez,* 728 F.2d 1293, 1297 (10th Cir. 1984) ("The principles of comity and federalism dictate that federal courts abstain from premature entry into state judicial construction of administrative disciplinary procedures.").

[15] Report and Recommendation at 3.

[16] Amended Objection at 1.

[17] *Id.* at 2.

[18] *Id.*

[19] *Id.* at 3.

[20] *Id.* at 4.

§1983, *inter alia*, as legal grounds for bringing this suit "John Cole Cooper v. Todd Anderson *et al.*"[21]

Plaintiff concludes his objections by stating:

> The Instant case antedates any ongoing state proceedings. Material facts and Evidence shows that Defendant(s) *et. al* induced all fraud/perjuries that Mrs. Cooper committed. This Court's federal jurisdiction requirements in this ancillary case are answered by (1) Substantial Justice; (2) Substantive Law; and (3) Subject-Matter Jurisdiction. Therefore, pursuant to Fed. Civ. P. 72 (b)(2) Plaintiff John Cole Cooper objects to Court's Recommendation "that this case be dismissed and the Motion for Temporary Restraining Order be Denied". Plaintiff has shown that Court has supplemental jurisdiction over Plaintiff's state claims pursuant to 28 U.S.C. § 1367. The Court's supplemental jurisdiction empowers Plaintiff's Ancillary claim.[22]

De novo review of all materials, including the record that was before the magistrate judge and the reasoning set forth in the Report and Recommendation, has been completed. The analysis and conclusion of the magistrate judge are correct and the Report and Recommendation will be adopted.

IT IS HEREBY ORDERED that the Report and Recommendation[23] is ADOPTED in its entirety. Plaintiff's Motion[24] for Temporary Restraining Order is DENIED and this case is DISMISSED. The Clerk of the Court shall close this case.

Dated March 28, 2015.

BY THE COURT:

_____
David Nuffer
United States District Judge

---

[21] *Id.*

[22] *Id.* at 5.

[23] Docket no. 14.

[24] Docket no. 4.

4